IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

ETTA FAYE COLBERT,                    )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )       CASE NO. CIV-06-163-T
                                      )
JO ANNE B. BARNHART, Commissioner,    )
  Social Security Administration,     )
                                      )
            Defendant.                )


ORDER

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for review of the decision of the Commissioner of Social Security Administration denying plaintiff's application for disability benefits.  The matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On August 8, 2006 the magistrate judged filed a Report and Recommendation [Doc. No. 18] in which he recommended that the Commissioner's decision be affirmed.  Because plaintiff timely objected to that recommendation, the matter is reviewed *de novo.*

As fully discussed in the Report and Recommendation, this court is limited in its review of the defendant's decision, as the court may not reweigh the evidence or substitute its judgment for that of the Commissioner; rather, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record.  Washington v. Shalala, 37 F.3d 1437, 1439-40 (10th Cir. 1994); Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion.  Castellano, 26 F.3d at 1028.  Evidence is not

substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion."  Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).

Plaintiff's disability claim is based on hypertension, diabetes, and "hand problems."  The administrative law judge concluded that she has severe impairments due to diabetes mellitus and hypertension; however, neither impairment independently or collectively is sufficient to satisfy the listings in the Social Security regulations.  The administrative law judge further determined that plaintiff's claims of disabling pain were not substantiated by the record and found that her subjective complaints of pain lacked credibility based on the medical evidence in the record and her own testimony.   Thus, the administrative law judge concluded that plaintiff retained the residual functional capacity to perform her past work as a cashier and sorter/ pricer.

The magistrate judge discussed in detail the medical history contained in the record before the court.  *See* Report and Recommendation at pages 6-10.  The court finds that the discussion set forth accurately reflects the evidence, and need not be repeated here but is adopted as though fully set forth in this order.   In summary, the evidence reflects that plaintiff has been treated for hypertension and diabetes, and that both were considered controlled by medication.  Report and Recommendation, page 8-9 and transcript references cited therein.  However, the record also reflects that plaintiff admittedly failed to take her prescribed medications and that she periodically returned to her physician with complaints of hypertension.  *Id.*  When medication was renewed, the medical reports reflect that her hypertension was again controlled.  Report and Recommendation at page 9 and transcript citations therein.  With respect to her diabetes, the same control was reported so long as plaintiff took her prescribed medication and complied with her physician's orders.  *Id.*

In objecting to the Report and Recommendation, plaintiff focuses on the administrative law

judge's findings regarding her credibility with regard to pain and argues that those findings are erroneous because the administrative law judge failed to follow the dictates of <u>Luna v. Bowen</u>, 834 F.2d 161, 163-65 (10th Cir. 1987) regarding the evaluation of a claim of disabling pain. The magistrate judge found that, contrary to plaintiff's argument, the proper assessment under <u>Luna</u> was applied. However, plaintiff argues that the magistrate judge drew his own conclusions and did not address those of the administrative law judge.

The court has carefully reviewed both the administrative law judge's decision and that of the magistrate judge and concludes that, contrary to plaintiff's contention, the administrative law judge properly assessed plaintiff's claims. Although the decision does not cite <u>Luna</u>, the factors required by <u>Luna</u> are applied in the decision of the administrative law judge. *See* transcript, page 16. <u>Luna</u> requires the administrative law judge to consider: 1) whether the medical evidence establishes a pain-producing impairment; 2) if so, whether there is at least a loose nexus between the impairment and the claimant's subjective complaints of pain; and 3) if so, whether, considering all the objective and subjective evidence, the claimant's pain is disabling. 834 F.2d at 163-65. To find that a claimant's pain is disabling, the pain must be "so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." <u>Brown v. Bowen</u>, 801 F.2d. 361, 362-63 (10th Cir. 1986).

The administrative law judge specifically found that the evidence showed that there was limited medical evidence substantiating plaintiff's complaints of pain. She noted that "while one would not expect the claimant to notify her physician with every ache and complaint, one would expect references to ongoing problems each time the physician reviews the claimant's medical history. There are a few references to leg discomfort and peripheral neuropathy in her records, but

not in an overwhelming number. " Decision, Transcript at page 16.  She further noted that "The evidence also reveals the claimant prepares meals, tends to her grooming, and navigates through her home and the community.  The claimant can drive a vehicle although her license is reportedly expired."  *Id.*

The court has reviewed the record, and agrees with the administrative law judge that it does not contain references to plaintiff's complaints of pain, although it does reflect ongoing treatment for both diabetes and hypertension.  The court is satisfied that the administrative law judge applied the <u>Luna</u> factors by first examining the record and finding no substantial evidence of a pain-producing impairment.  Absent such finding, there was no need to determine a causal nexus between the impairment and the claimant's subjective complaint of pain.  In any event, as the administrative law judge noted, the third factor is not supported by the evidence because the record does not reflect evidence of disabling pain.

Contrary to plaintiff's argument, the administrative law judge properly applied the law in her evaluation of plaintiff's credibility with regard to her pain.  The court finds no error in that regard.

Furthermore, the court finds that the record contains substantial evidence to support the conclusion that plaintiff is capable of performing her past relevant work as a cashier, sorter, and pricer.  Although she is no longer able to perform the duties associated with other past relevant work because of her limitations, she is able to perform her other past relevant work.  Therefore, she does not satisfy the requirements for disability assistance.

Accordingly, the Report and Recommendation [Doc. No. 18] is adopted.  The decision of the Commissioner denying plaintiff's application for disability is affirmed.

IT IS SO ORDERED this  28th  of September, 2006.

4

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE